UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TERRY PARNELL**,

       Plaintiff,

v

                                            No. 2:18-cv-11469
                                            Judge

**STEPHEN KUE, DEVAN PETTIGREW,
JUSTIN MARROQUIN, in their individual
capacities, and CITY OF DETROIT**

       Defendants.

| | |
|---|---|
| **THOMAS E. KUHN** (P37924)<br>Attorney for Plaintiff<br>615 Griswold, Suite 515<br>Detroit, MI 48226<br>(313) 963-5222 / Fax: (313) 963-9061<br>tekuhn@aol.com<br><br>**DAVID A. ROBINSON** (P38754)<br>Co-Counsel for Plaintiff<br>28145 Greenfield Road, Suite 100<br>Southfield, MI 48076<br>(248) 423-6677 / Fax: (248) 423-7227<br>attyrobinson@davidarobinsonlaw.com | **VERONICA R. IBRAHIM** (P79922)<br>City of Detroit Law Department<br>Attorneys for City of Detroit<br>2 Woodward Avenue, Suite 500<br>Coleman A. Young Municipal Center<br>Detroit, MI 48226<br>(313) 237-6667 / Fax: (313) 224-5505<br>ibrahimv@detroitmi.gov |

## Notice of Removal of Civil Action

Under 28 U.S.C. § 1441, Defendant City of Detroit removes this civil action predicated upon the following:

1. On April 4, 2018, plaintiff commenced this action in the Third Judicial Circuit of Michigan. This action is now pending before that court.
2. Defendant was served with the summons and complaint on or about April 13, 2018.
3. The above entitled action is a civil suit for alleged civil rights violations in which plaintiff seeks compensatory and punitive damages, allegedly arising, in part, from a violation or deprivation of rights under the United State Constitution, as more fully appears in the copy of the complaint attached to this notice.
4. This Court has original jurisdiction of the above-entitled action under 28 U.S.C. § 1331 and removal of the action to this Court is proper under 28 U.S.C. § 1441(b).
5. Under 28 U.S.C. § 1441(c) this action is removed in its entirety to this Court.
6. Copies of all process, pleadings, and orders served upon the defendant in this matter are attached.
7. This notice is timely, having been filed within thirty days after service of Summons and Complaint upon the Defendant.
8. The undersigned has prepared a written notice of the removal of this action. Such notice has been provided to counsel for Plaintiff and to the clerk of the court from which this matter is removed. Promptly after filing this Notice of Removal of Civil Action, the undersigned will file a copy with the clerk of the court from which this action is removed, and provide a copy to counsel of record by first class mail and email.

9. Based upon the authorities and facts recited above, Defendant removes the above-entitled action to this Court.

10. If and when the individual Defendant Officers are served with the Summons and Complaint they will join in removal of this action as the undersigned counsel anticipates representing them in this action subject to the approval of their representation by the Detroit City Council.

Respectfully Submitted,

CITY OF DETROIT

Dated: May 9, 2018

By: /s/ *Veronica Ibrahim*
Veronica R. Ibrahim (P79922)
Attorneys for City of Detroit
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan 48226
(313) 237-6667 / Fax: (313) 224-5505
ibrahimv@detroitmi.gov

### Certificate of Service

The undersigned certifies that on May 9, 2018, she served the foregoing papers upon the above named counsel of record by U.S. Mail and by email.

/s/ *Veronica Ibrahim*

| Approved, SCAO | Original - Court | 2nd Copy - Plaintiff |
|---|---|---|
| | 1st Copy- Defendant | 3rd Copy -Return |

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO 18-003738-NO Hon. John A. Murphy |
|---|---|---|

Court Address 2 Woodward Ave., Detroit MI 48226　　　　Court Telephone No. 313-224-0142

| Plaintiff | | Defendant |
|---|---|---|
| Parnell, Terry | v | City of Detroit |

RECEIVED APR 1 3 2018 CITY OF DETROIT LAW DEPARTMENT LITIGATION DIVISION

**Plaintiff's Attorney**

David A. Robinson 38754
28145 Greenfield Rd Ste 100
Southfield, MI 48076-7102

**SUMMONS NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 4/4/2018 | 7/4/2018 | Jacquetta Parkinson |

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number and details are on page ____ of the attached complaint.
☒ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases** (The following is information required in the caption of every complaint and is to be filled by the plaintiff.)
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☒ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| | |

Place where action arose or business conducted

| 4/10/2018 | |
|---|---|
| Date | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**MC 01** (6/17) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

Note to Plaintiff: The summons is invalid unless served on or before its expiration date.

SUMMONS AND COMPLAINT
18-003738-NO

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE** OR ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint.
☒ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Lawrence Gracia, Esq<br>C/O City of Detroit | 660 Woodward Suite 502<br>Detroitm MI 48226 | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge and belief

Signature: *Cheryl Watson*

| Service fee $ | Miles traveled $ | Fee $ | | | Name (type or print) Cheryl Watson |
| Incorrect Address fee $ | Miles traveled $ | Fee $ | | Total fee $ | Title: Legal Assistant |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                     Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments
_____ on _____
Day, date, time
_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**TERRY PARNELL,**
    **Plaintiff,**

vs.

CASE NO. _____ NO
HON. _____

**STEPHEN KU, DEVIN PETTIGREW,
JUSTIN MARROQUIN, in their individual capacities,**
**and CITY OF DETROIT,**
    **Defendants,**

**THOMAS E. KUHN (P37924)**
Attorney for Plaintiffs
615 Griswold, Ste. 515
Detroit, MI 48226

**DAVID A. ROBINSON (P38754)**
Co-Counsel for Plaintiffs
28145 Greenfield Road, Suite 100
Southfield, Michigan 48076-7116
(248) 423-6677

CITY OF DETROIT LAW DEPARTMENT
Attorney for Defendants
2 Woodward Avenue, Ste. 500
Detroit, Michigan 48226
(313) /313) 224-5505 (fax)
@detroitmi.gov

## COMPLAINT and JURY DEMAND

There is no other pending or resolved cases between these parties or other parties arising from the transaction or occurrence alleged in the complaint.

        /s/ David A. Robinson
        DAVID A. ROBINSON (P39754)

**NOW COMES** the Plaintiffs, by and through their attorneys, and for their complaint against the defendants say as follows:

## PARTIES

1. At all pertinent times, Plaintiffs were residents of Wayne County, and citizens of the State of Michigan.

2. DEFENDANTS KU, MARROQUIN AND PETTIGREW (hereafter Individual Defendants) were citizens of the State of Michigan, and at all pertinent times worked and were employed as police officers by Defendant City of Detroit.

## JURISDICTION and VENUE

3. Individual Defendants were at all pertinent times employed as police officers and were, at all times pertinent, acting under color of state law and pursuant to customs, policies and practices of Defendant City of Detroit.

4. The Plaintiff brings this action under the Constitution of the United States and under 42 USC 1983, and state law.

5. The actions giving rise to this complaint arose entirely within Wayne County, Michigan on and following October 14, 2016.

6. The amount in controversy exceeds Twenty-five Thousand Dollars ($25,000).

## FACTUAL ALLEGATIONS

7. On the evening of October 14, 2016, Terry Parnell (hereafter Plaintiff) was located at his mother's house at 18990 Archdale Street.

8. Plaintiff had open carry of his gun at that time. It was not concealed in any way.

9. Defendants came by in their police car and stopped because of other individuals known by Plaintiff who were in the area.

10. Plaintiff was talking in the back of his mother's property, when an individual came up to him indicating the police had stopped.

2

11. After seeing Defendants in front of his mother's home, Plaintiff put his open carry gun on his mother's porch and approached Defendants to discuss the situation.

12. Instead of discussing the situation with Plaintiff, Defendants immediately grabbed him and handcuffed him.

13. Although Defendants saw Plaintiff openly place the gun on the porch and although Plaintiff never concealed the gun, Defendants arrested Plaintiff for having a concealed weapon.

14. Plaintiff complied with all direction issued by Individual Defendants and posed no risk of harm or flight.

15. Individual defendants used excessive and unnecessary force to restrain Plaintiff and place him under arrest.

16. Plaintiff was taken into custody and detained.

17. Plaintiff was released and his case dismissed for insufficient evidence.

18. As a direct and proximate result of the Defendant's misconduct, the Plaintiff suffered injuries and damages including, but no limited to:

    a. Economic damages, past and future, including, but not limited to attorney fees;

    b. Physical injuries, including pain and suffering;

    c. Emotional injuries, including, but not limited to fear, anxiety, humiliation; and shame;

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for whatever amount a jury shall determine together with interests, costs, and attorney fees.

## COUNT I:
## 42 USC 1983 AGAINST INDIVIDUAL DEFENDANTS

3

19. Plaintiff hereby re-alleges and incorporates herein by reference all of the Paragraphs, as though the same were fully set forth herein word for word.

20. The Individual Defendants' actions were done in their individual capacities, and under color of state law.

21. The Individual Defendants' actions violated clearly established rights of the Plaintiff including but not limited to:

    a. The right to be free from wrongful seizure of person and property, (4th Amendment);

    b. The right to be free from wrongful arrest (4th, 14th Amendments);

    c. The right to be free from wrongful search and seizure, and use of excessive force (4th Amendment);

    d. The right to procedural and substantive due process and fair treatment during search, seizure and arrest (4th and 14th Amendments);

22. As a direct and proximate result of the Individual Defendants' actions, Plaintiff suffered injury and damages including those set forth in paragraph 18.

23. Defendants arrested Plaintiff when they knew they lacked probable cause, and the search and arrest was based on false and fraudulent information provided by Defendants, willfully and wantonly, and with deliberate indifference.

**WHEREFORE**, Plaintiff claims judgment against Individual Police Defendants in the amount more than Twenty-Five Thousand Dollars ($25,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

4

## COUNT II:
## MUNICIPAL LIABILITY AGAINST
## DEFENDANT CITY OF DETROIT UNDER 42 USC 1983

24. The Plaintiff incorporates by reference the allegations set forth in Paragraphs above, as if fully set forth herein.

25. At all times herein, Defendant CITY OF DETROIT, with deliberate indifference to the constitutional rights of the Plaintiff and other similarly situated individuals, established, promulgated, implemented, and maintained the following customs, policies, or practices that were a proximate cause and a moving force in violations of the Plaintiffs' rights under the United States Constitution:

   a. Routinely seizing and arresting citizens when it was known they lacked probable cause;

   b. Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendant CITY;

   c. Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors about the appropriate and necessary bases for seizure, appropriate use of force in performing arrests, and proper bases for arrest;

   d. Hiring and/or retaining as law enforcement officers and supervisors certain persons whom the Defendant CITY knew or had actual notice prosecuting individuals without probable cause, using excessive force, or executing wrongful arrests;

   e. Failing to intervene when it knew of improper seizure and arrest of individuals lacking probable cause;

5

    f. Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the continuing prosecution of individuals without probable cause, the continuing use of excessive force by officers, and the continuing occurrence of wrongful arrests by officers; and

    g. Routinely failing to comply with federal consent decrees and other court orders requiring requiring probable cause for seizures and arrests.

26. Each of the aforementioned customs, policies, or practices was known to Defendant CITY as highly likely and probable to cause violations of the United States constitutional rights of Plaintiff and other individuals subject to excessive force, wrongful arrest, and continued prosecution without probable cause, and each was a moving force in the violations of the Plaintiff's United States constitutional rights, as set forth herein.

27. As a direct and proximate result of the Individual officers' actions, Plaintiff suffered injury and damages including those set forth in paragraph 18.

**WHEREFORE**, Plaintiff claims judgment against Individual Police Defendants in the amount in excess of Twenty-five Thousand Dollars ($25,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

### COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. Plaintiff hereby re-alleges and incorporates herein by reference all of Paragraphs, as though the same were fully set forth herein word for word.

29. At all times relevant Defendants notwithstanding their standard duty of due care, owed to Plaintiff the following duties, among others:

   a. to refrain from inflicting negligent, grossly negligent, bad faith, and/or intentional emotional distress on Plaintiff;

   c. to refrain from subjecting Plaintiff to emotional distress through wrongful arrest and detention of plaintiff and otherwise abusing him;

   d. to refrain from treating Plaintiff in an extremely and outrageously abusive manner;

30. Defendants, negligently, grossly negligently, willfully, wantonly, knowingly and/or intentionally breached and continue to breach one or more of said duties by, among other things:

   a. negligently, grossly negligently and/or intentionally, in bad faith, inflicting emotional distress upon Plaintiff, by wrongfully arresting and detaining Plaintiff;

   b. negligently, grossly negligently, and/or intentionally, in bad faith, subjecting Plaintiff to undue and unlawful denial of emergency medical care.

   c. negligently, grossly negligently and/or intentionally, in bad faith, subjecting Plaintiff to injury and pain and significant emotional distress brought about by illegal detainment.

31. As a direct and a proximate result of Individual Police Defendants' aforesaid negligent, reckless, willful, wanton, grossly negligent, and knowingly and intentionally tortuous and unconstitutional violations of the aforesaid ministerial duties, all done in bad faith, Plaintiff suffered significant personal injuries, including physical pain from untreated symptoms of serious medical conditions, and mental pain, mental anguish, emotional

7

distress of being removed from normal life and forced into police detainment without assurances of her health and personal safety, and any other damages listed in paragraph

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for whatever amount a jury shall determine together with interests, costs, and attorney fees.

## COUNT IV:
## GROSS NEGLIGENCE AGAINST INDIVIDUAL DEFENDANTS

20. Plaintiff re-alleges all prior paragraphs.

21. Defendant owed Plaintiff a duty of care, including but not limited to a:

   a. Duty to provide protection for Plaintiff when he was in a helpless condition;

   b. Duty not to make Plaintiff's condition worse after taking him into his custody and control;

   c. Duty to properly supervise other officers;

   d. Duty to properly assure the safety of Plaintiff when he was in their care;

   e. Duty not to discontinue their aid or protection, and by so doing leave Plaintiff in a worse position than when the Defendants took charge of him. Rest. 2nd Torts §324;

   f. Duty to exercise reasonable care to perform an undertaking, after they undertook to render services to Plaintiff which they should have recognized as necessary for the protection of Plaintiff's person, and failed and, his failure to exercise such care increased the risk of such harm. Rest.2nd Torts § 323, §324A.

   g. Duty not to injure Plaintiff through gross negligent conduct, including putting Plaintiff under arrest.

29. The actions of the Individual Police Defendant wantonly and recklessly, in gross negligence, violated the duties to Plaintiff and disregarded Plaintiff's rights.

30. The Individual Police Defendant's actions in acting with gross negligence and denying Plaintiff's rights caused loss of rights and injury to the Plaintiff.

31. The Individual Police Defendant's actions were in wanton, reckless and callous disregard to Plaintiff's rights and to the injury to Plaintiff and were grossly negligent.

32. Under MCL 691.1407, citizens may maintain an action in tort against police officers whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

33. As a direct and proximate result of the Individual Police Defendant's actions, Plaintiff suffered injury and damages including, but not limited to, those set forth in paragraph 18.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for whatever amount a jury shall determine together with interests, costs, and attorney fees.

## JURY DEMAND

**NOW COMES** the Plaintiffs and demand trial of their cause by jury.

Respectfully submitted,

/s/ David A. Robinson
David A. Robinson
Thomas E. Kuhn (P37924)
ROBINSON AND ASSOCIATES, P.C.
Attorneys for Plaintiff

Dated: April 3, 2018